# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Neal | C. | Fritz, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case Number (If known) | 20-10969 | | |

☒ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a) This plan:   ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:   ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:   ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☒ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**1235.00** for the applicable commitment period of:

    ☒ 60 months; or

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20_____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☒ Debtor 1 **100**%   ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date) from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | Guild Mortgage Co. | 415 Keesaw Glen, Grovetown, GA 30813 | Yes | Debtor | December, 2020 | $1618.77 |
   | Selene Finance | 3914 Ruth Street, Augusta GA 30909 | No | Debtor | December, 2020 | $555.00 |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | Guild Mortgage Co. | 415 Keesaw Glen, Grovetown, GA 30813 | Yes | $8950.00 | 0.0% |
   | Selene Finance | 3914 Ruth Street, Augusta GA 30909 | No | $5650.00 | 0.0% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4300.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | Bridgecrest | Kia | $15,146.00 | 4.25% | No less than $525.00 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims

partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Aqua Finance | Water treatment sytem | $1500.00 | 4.25% | No less than $15.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **100** % dividend or a pro rata share of **$23,000.00**, whichever is greater.

5. **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☒ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Bridgecrest | $325.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| Shay Fritz | 415 Keesaw Glen, Grovetown GA 30813 |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

With the exception of creditor(s) listed in paragraph 4(d), it's successors and/or assigns, upon granting of a discharge in this case, all secured creditors that were paid through the plan shall promptly release al collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filing, judgment liens, titles and/or any other lien claim of any kind against property of the debtor(s). This paragraph shall in no way apply to mortgages and/or other secured debts that are not paid through the Chapter 13 plan.

General unsecured creditors to be paid at 5.0% interest unless the Prime Rate plus 1.0% is higher than 5.0% at the time of confirmation.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: 12/30/2020

X _____ Debtor 1

GASB – Form 113 [Rev. 12/1/17]

Page 4 of 5

_____
                                            _Debtor 2_

_____
                              _Attorney for the Debtor(s)_

ZANE LEIDEN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE: )
)
Neal C. Fritz, Jr. ) CHAPTER 13
) CASE NO. 20- 10969
)
_____)

## CERTIFICATE OF SERVICE OF AMENDED CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing AMENDED CHAPTER 13 PLAN by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing AMENDED CHAPTER 13 PLAN upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

**Not applicable.**

I hereby certify that I have this day served a copy of the foregoing AMENDED CHAPTER 13 PLAN upon the following creditors in the manner proscribed by Rule 7004, as the AMENDED CHAPTER 13 PLAN proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

**Aqua Finance, Inc. FBO Connexus**
**CU**
**ATTN: Officer/Agent**
**P.O. Box 3256**
**Milwaukee, WI 53201-3256**


I hereby certify that I have this day served a copy of the foregoing AMENDED CHAPTER 13 PLAN upon an officer of the following insured depository institutions, via Certified Mail:

**Credit One Bank**               **Merrick Bank**
**ATTN: Officer/Agent**           **ATTN: Officer/Agent**
**P.O. Box 98873**                **P.O. Box 23356**
**Las Vegas, NV 89193**           **Pittsburgh, PA 15222**

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

**Chapter 13 Trustee**
**Office of the U.S. Trustee**

Dated: January 5th, 2021

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, GA 30901

Carra Key

Label Matrix for local noticing
113J-1
Case 20-10969-SDB
Southern District of Georgia
Augusta
Mon Jan  4 09:21:12 EST 2021

Bridgecrest Credit Company LLC
PO Box 29018
Phoenix, AZ 85038-9018

CB Indigo
PO Box 4499
Beaverton OR 97076-4499

Bridgecrest
7300 E Hampton Ave
Mesa AZ 85209-3324

Capital One
PO Box 30285
Attn Bankruptcy Dept
Salt Lake City UT 84130-0285

Capital One N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Comenity Bank/Justice
PO Box 182273
Columbus OH 43218-2273

Discover
P. O. Box 71084
Charlotte NC 28272-1084

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

First Premier
PO Box 5524
Sioux Falls SD 57117-5524

Guild Mortgage Company LLC
Bankruptcy Department
P.O. Box 85304
San Diego, CA 92186-5304

I.C. System Inc.
PO Box 64378
Saint Paul MN 55164-0378

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

ONEMAIN
P.O. Box 3251
Evansville, In. 47731-3251

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Quantum3 Group LLC as agent for
Aqua Finance
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Genesis FS Card Services Inc
PO Box 788
Kirkland, WA  98083-0788

(p)SCANA AND SUBSIDIARIES
220 OPERATION WAY
MAIL CODE C 222
CAYCE SC 29033-3701

EXHIBIT 1

Selene Finance
9990 Richmond Avenue
Ste. 40
Houston TX 77042-4559

Shay Fritz
415 Keesaw Glen
Grovetown GA 30813-8140

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

TBOM/Total Card
2700 S. Lorraine Place
Sioux Falls SD 57106-3657

TD Bank/Target
PO Box 673
Minneapolis MN 55440-0673

Maria Angela Tsagaris
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102

Victoria's Secret
c/o Comenity Bank
PO Box 182125
Columbus OH 43218-2125

World Finance c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429

EXHIBIT 1